IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOHN DEVINCENZI,

    Plaintiff,                               No. CIV-S-11-3268 KJM-DAD

vs.

CITY OF CHICO, *et al.*,

    Defendants.                             <u>ORDER</u>

/

        This matter is before the court on the motion to dismiss the First Amended Complaint ("FAC") filed by defendants City of Chico, Regan Ortega, Stephen Dyke, David Quigley, Mike Frakes, Renee Anderson, Jose Lara, Shawn Millar, York Insurance Services, and Karen Peacock (collectively, "defendants"). Plaintiff concedes that the majority of his claims lack merit, but opposes dismissing his claim based on the Fourteenth Amendment to the United States Constitution. (Opp'n at 2:5-11, ECF 26.)  In his opposition, plaintiff specifically requests leave to amend to cure the defects in his complaint. The matter was submitted without oral argument.  The court finds amendment appropriate and therefore grants plaintiff's request and denies defendant's motion without prejudice.

/////

/////

## I. FACTUAL ALLEGATIONS

On December 9, 2009, plaintiff called the police due to a disturbance. (FAC ¶ 14.) When the police arrived, plaintiff was arrested on alcohol related charges and taken into custody. (FAC ¶ 15.) When he was arrested he was searched; however, the arresting officers did not discover or remove the lighter in plaintiff's pocket. (FAC ¶ 16.) During this episode, plaintiff's inebriation was apparent. (FAC ¶ 17.) While in custody, plaintiff threatened to harm himself. (FAC ¶ 19.) The officers overheard plaintiff's threats. (FAC ¶ 20.) At some point, plaintiff was transferred to a Police Transport Van. (FAC ¶ 15.) While in this van, plaintiff attempted to light a cigarette and he was badly burned. (FAC ¶¶ 21, 23.) Defendant officers ignored plaintiff's cries for help. (FAC ¶ 22.) Plaintiff suffered third degree burns over thirty-two percent of his body. (FAC ¶ 23.) Plaintiff does not identify the individual defendants or otherwise indicate who ignored his cries for help.

## II. ANALYSIS

Federal Rule of Civil Procedure 15(a)(2) states "[t]he court should freely give leave [to amend its pleading] when justice so requires" and the Ninth Circuit has "stressed Rule 15's policy of favoring amendments." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "In exercising its discretion [regarding granting or denying leave to amend] 'a court must be guided by the underlying purpose of Rule 15 -- to facilitate decision on the merits rather than on the pleadings or technicalities.'" *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (quoting *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). However, "the liberality in granting leave to amend is subject to several limitations. Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties*, 866 F.2d at 1160 (internal citations omitted). In addition, a court should look to whether the plaintiff has previously amended the complaint, as "the district

/////

court's discretion is especially broad 'where the court has already given a plaintiff one or more opportunities to amend [its] complaint.'" *Id*. at 1161 (quoting *Leighton*, 833 F.2d at 186 n.3).

Defendants claim the allegations in the FAC are overly vague and fail to state a claim. In addition, defendants argue they are protected by qualified immunity but unable to properly address immunity because plaintiff fails to identify actions of particular officers in his pleading. In his request for leave to amend, plaintiff states he is in the process of obtaining information that would allow the pleadings to be more specific. Moreover, plaintiff's opposition briefing is not entirely clear on which claims are waived because he appears to reserve positions that are unrelated to the Fourteenth Amendment claim he still wishes to pursue. *See* Opp'n at 2. At the same time, it does not appear that amendment will be futile.

Judicial resources are best preserved by allowing plaintiff to amend his complaint, make clear which claims are waived and clarify his theory of the case before the court resolves defendants' motion. Plaintiff's counsel is directed to review the defense motion to dismiss, and to meet and confer with defense counsel, before filing a second amended complaint. With any amended complaint, counsel shall file a one page certification that he has complied with this meet and confer directive.

Plaintiff is granted twenty-one days from the date of this order to file an amended complaint with the required certification. Defendants' motion is denied without prejudice.

IT IS SO ORDERED.

DATED: August 28, 2012.

_____
UNITED STATES DISTRICT JUDGE