IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSEPH DEVINCENZI,

    Plaintiff,

vs.

CITY OF CHICO, et al.,

    Defendants.

    No. 2:11-CV-03268-KJM-DAD

    ORDER

_____/

    Defendants City of Chico, Regan Ortega, Travis Dyke, David Quigley, Mike Frakes, Renee Anderson, Jose Laren, Sean Millard, York Insurance Services, and Karen Peacock (collectively, "defendants") bring a motion to dismiss plaintiff John DeVincenzi's Second Amended Complaint. Because plaintiff has pled sufficient facts to sustain his 42 U.S.C. § 1983 claim, defendants' motion to dismiss is DENIED as to this claim. However, because plaintiff voluntarily has abandoned all claims against several of the originally named defendants, the motion is GRANTED as to those defendants.

I. PROCEDURAL HISTORY

    Plaintiff filed his complaint on December 8, 2011 and his first amended complaint on January 24, 2012, seeking declaratory relief and bringing claims of fraud and recission

regarding a settlement agreement entered into with some of the defendants. (ECF 1, 7.) Defendants filed a motion to dismiss the first amended complaint on February 24, 2012. (ECF 17.) Defendant County of Butte was dismissed by stipulation on May 21, 2012. (ECF 25.) The court granted plaintiff leave to amend on August 29, 2012, denying defendants' motion to dismiss without prejudice. (ECF 32.) Plaintiff filed his Second Amended Complaint ("SAC") on September 18, 2012, and filed a corrected version on September 21, 2012, bringing a single claim under 42 U.S.C. § 1983. (ECF 33, 34.) Citations to the complaint in this order are to the corrected document. (ECF 34.) On October 2, 2012, defendants filed this motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF 35.)

II.     FACTUAL ALLEGATIONS

On December 9, 2009, plaintiff called the police to his home due to a disturbance. (SAC ¶¶ 14-15.) When the police arrived, plaintiff's inebriation was apparent: a preliminary screening showed his blood alcohol content was over .10, and he could not even lean against a pole and remain steady. (*Id.* ¶ 15.) Responding officers Travis Dyke (called "Stephen" Dyke in defendants' motion) and Jenkins determined that plaintiff had a history of psychiatric illness, had attempted suicide on several occasions, and had been institutionalized by state authorities. (*Id.* ¶ 16.) Plaintiff told Officer Jenkins that he took medication for schizophrenia and bipolar disorder. (*Id.* ¶ 17.) Officer Dyke confirmed this information with police dispatch. (*Id.*) The officers took plaintiff into custody on an alcohol-related charge. (*Id.* ¶ 18.) Upon arrest, plaintiff was searched at least once; however, the officers either did not discover or failed to remove the lighter in plaintiff's right front pants pocket. (*Id.* ¶ 23.)

During the ride to the police station, plaintiff banged his head against the plexiglass and kicked at the metal cages covering the windows. (*Id.* ¶ 18.) He shouted, made suicide threats, and told Officer Dyke that he was going to hang himself. (*Id.*) Eventually, plaintiff was shackled hand and foot and placed into a transport van to be transferred to the Butte County Jail. (*Id.* ¶ 20.) Community Services Officer Mike Frakes helped subdue plaintiff and

transfer him to the van. (*Id.* ¶ 22.) Officer Frakes was also privy to plaintiff's mental illnesses and past suicide history. (*Id.*) Officers Dyke and Frakes both knew plaintiff was very inebriated and volatile. (*Id.* ¶ 24.)

While in the transport van, shackled hand and foot, plaintiff attempted to light a cigarette with his lighter and either accidentally set his clothing on fire or actually attempted suicide by fire. (*Id.* ¶ 30.) Plaintiff suffered third degree burns over thirty-two percent of his body. (*Id.* ¶ 33.) Defendant officers ignored plaintiff's cries for help for some time; their failure to monitor him, in keeping with defendant City of Chico's customs and policies, worsened plaintiff's injuries. (*Id.* ¶¶ 31-32.) Plaintiff seeks general and special damages.

## II.     STANDARD

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a party may move to dismiss a complaint for "failure to state a claim upon which relief can be granted." A court may dismiss "based on the lack of cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Although a complaint need contain only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to survive a motion to dismiss this short and plain statement "must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint must include something more than "an unadorned, the-defendant-unlawfully-harmed-me accusation" or "'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action . . . .'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Determining whether a complaint will survive a motion to dismiss for failure to state a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Ultimately, the inquiry

/////

focuses on the interplay between the factual allegations of the complaint and the dispositive issues of law in the action. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In making this context-specific evaluation, this court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987). This rule does not apply to "'a legal conclusion couched as a factual allegation,'" *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (quoted in *Twombly*, 550 U.S. at 555), nor to "allegations that contradict matters properly subject to judicial notice" or to material attached to or incorporated by reference into the complaint. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A court's consideration of documents attached to a complaint or incorporated by reference or matter of judicial notice will not convert a motion to dismiss into a motion for summary judgment. *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003).

III.     ANALYSIS

Plaintiff contends that defendants violated his Fourteenth Amendment Due Process rights by allowing him to light himself on fire while he was shackled, in custody, and being transported to jail. Plaintiff bases his substantive due process claim on two theories: the duty to provide medical care and the duty to rescue. (Pl.'s Opp'n at 4, 9, ECF 38.) Defendants make four arguments, which the court will address in order. First, defendants contend that plaintiff's pleading in the alternative violates the Federal Rules of Civil Procedure. Second, defendants argue that the defendants against whom plaintiff abandoned all claims in the SAC should be dismissed, some with prejudice. Third, defendants argue that plaintiff fails to allege sufficient facts to support the two theories advanced in his § 1983 claim. Fourth, defendants aver that Officers Frakes' and Dyke's entitlement to qualified immunity bars claims against them.

/////

/////

A.     Plaintiff's Pleading in the Alternative

Plaintiff now pleads that he either accidentally set himself on fire or intended to set himself on fire in a suicide attempt. (SAC ¶ 30.) The former position better supports plaintiff's duty to rescue theory under § 1983; the latter position better supports plaintiff's duty to provide medical care theory. Defendants contend that Federal Rule of Civil Procedure 8(d) does not countenance this type of pleading in the alternative. (ECF 36 at 4-5.) Defendants aver that the Federal Rules of Civil Procedure provide latitude in pleading to enable a party that lacks pertinent facts — about a defendant's state of mind, for example — to allege different scenarios. (*Id.*) But the Federal Rules' latitude does not extend, defendants maintain, to a party professing ignorance of his own thoughts or motivations. (*Id.*) In support of this contention, defendants cite two recent district court cases, one from Florida and one from Illinois. (*Id.* (citing *Garcia v. Swire Pac. Holdings, Inc.*, No. 09-238392010, 2010 U.S. Dist. LEXIS 36692, at *16 (S.D. Fla. Apr. 14, 2010) and *Michael v. Letchinger*, No. 10 C 3897, 2011 U.S. Dist. LEXIS 86685, *43-47 (N.D. Ill. Aug. 5, 2011)).)

Here, plaintiff's pleading in the alternative does not offend the Federal Rules or the reasoning of defendants' cited cases. Federal Rule 8(d) is clear: parties may set out alternative statements even if they are inconsistent. In both cases cited by defendants, the courts state that this pleading latitude is not unlimited: Rule 11 requires pleading be done to the best of the pleader's knowledge and with evidentiary support. *Garcia*, 2010 U.S. Dist. LEXIS 36692, at *16 (holding that plaintiff cannot plead that he received certain papers to further one claim and allege he did not receive them to further another); *Michael*, 2011 U.S. Dist. LEXIS 86685, at *45 (concluding that plaintiff cannot plead an emotional distress claim element particularly within plaintiff's knowledge "upon information and belief"). The court in *Garcia* reasoned that Rules 8 and 11, read together, "only permit the pleading of alternative factual theories if counsel (or an individual, if proceeding *pro se*), after conducting an adequate investigation, is unable to determine the true facts . . . inconsistent pleading is permitted when the pleader's doubt is

'honest.'" *Id.* (quoting *Banco Cont'l v. Curtiss Nat'l Bank of Miami*, 406 F.2d 510, 513 (5th Cir. 1969)); *see also Michael*, 2011 U.S. Dist. LEXIS 86685, at *46 (pleading on "information and belief" is not allowed when the matter is presumptively within the personal knowledge of the pleader unless he rebuts that presumption).

Both *Michael* and *Garcia* are distinguishable. Plaintiff did not, as in *Michael*, plead upon information and belief; rather, the allegations are that plaintiff was extremely psychiatrically disturbed when he lit himself on fire for one of two reasons. (SAC ¶¶ 24-30.) Therefore, plaintiff is not pleading something that is particularly within his knowledge; plaintiff is alleging his state of mind was such that he cannot know why he acted as he did. The ultimate facts may not be clear, and both alternative pleadings have evidentiary support; nothing suggests plaintiff's pleading is misleading or inconsistent. Crucially, plaintiff's disjunctive pleading supports the same legal claim for relief rather than two distinct claims as in *Garcia*; this kind of pleading is permissible when one alternative is legally sufficient. 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1282 (3d ed. 2004) (citing *Aeronca, Inc. v. Gorin*, 561 F. Supp. 370, 373 n.11 (S.D.N.Y. 1983)); *see also* FED. R. CIV. P. 8(d)(2) ("If a party makes alternative statements [in a single claim], the pleading is sufficient if any one of them is sufficient.").

B.  Plaintiff Drops All Claims Against Several Defendants

As noted, plaintiff now brings only a § 1983 claim, against the City of Chico, Travis (Stephen) Dyke and Mike Frakes, as well as against Does 66-100.[1] Plaintiff expressly

---

[1] The Ninth Circuit provides that "'[plaintiffs] should be given an opportunity through discovery to identify [] unknown defendants'" "in circumstances . . . 'where the identity of the alleged defendant[] [is] not [] known prior to the filing of a complaint.'" *Wakefield v. Thompson*, 177 F.3d 1160, 1163 (9th Cir. 1999) (quoting *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980)). Plaintiff is warned, however, that such defendants will be dismissed where "'it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds.'" *Id.* (quoting *Gillespie*, 629 F.2d at 642). Plaintiff is further warned that Federal Rule of Civil Procedure 4(m), which states that the court must dismiss defendants who have not been served within 120 days after the filing of the complaint unless plaintiff shows good cause, is applicable to doe defendants. *See Glass v. Fields*, No. 1:09-cv-00098-OWW-SMS PC, 2011

drops all claims against defendants Regan Ortega, David Quigley, Renee Anderson, Jose Laren, Sean Millard, York Insurance Services, Karen Peacock, and DOES 1-65. (SAC ¶¶ 6-11.)

Defendants request that the defendants against whom plaintiff drops all claims be dismissed without prejudice, except for defendants York, Millard, and Peacock, whom defendants request be dismissed with prejudice. (Defs.' Mot. to Dismiss at 3-4, ECF 36). Defendants request these three defendants be dismissed with prejudice because they were named under a state cause of action, which plaintiff has now dropped in its entirety. (*Id.*) Defendants request that the other defendants be dismissed without prejudice, as they could conceivably be named later in connection with plaintiff's ongoing federal claim. (*Id.*) These defendants are dismissed as requested.

C.   § 1983 (Theory One): Duty to Provide Medical Care

Treatment of pretrial detainees is addressed under the Due Process Clause of the Fourteenth Amendment. *Oregon Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1120 (9th Cir. 2003). Under that Clause, "'persons in custody have the established right to not have officials remain deliberately indifferent to their serious medical needs.'" *Cabral v. County of Glenn*, 624 F. Supp. 2d 1184, 1190 (E.D. Cal. 2009) (quoting *Gibson v. County of Washoe, Nev.,* 290 F.3d 1175, 1187 (9th Cir. 2002)). Psychiatric needs, including a heightened suicide risk or an attempted suicide, are serious medical needs. *Conn v. City of Reno*, 572 F.3d 1047, 1055 (9th Cir. 2009), *vacated on other grounds sub nom. City of Reno v. Conn*, ___ U.S. ___, 131 S. Ct. 1812 (2011) (citing *Doty v. County of Lassen*, 37 F.3d 540, 546 (9th Cir. 1994)).

To make a claim of failure to provide care for serious medical needs, plaintiff must show he was 1) "confined under conditions posing a risk of 'objectively, sufficiently serious' harm" and 2) "that the officials had a 'sufficiently culpable state of mind' in denying the

/////

---

U.S. Dist. LEXIS 97604 (E.D. Cal. Aug. 31, 2011); *Hard Drive Prods. v. Does*, No. C 11-01567 LB, 2011 U.S. Dist. LEXIS 109837, at *2-4 (N.D. Cal. Sep. 27, 2011).

7

proper medical care." *Lolli v. County of Orange*, 351 F.3d 410, 419 (9th Cir. 2003) (quoting *Clement v. Gomez,* 298 F.3d 898, 904 (9th Cir. 2002)).

   Plaintiff has pleaded sufficient facts to make his claim of failure to provide medical care "plausible on its face." *Iqbal*, 556 U.S. at 678.  Satisfying the first prong, plaintiff alleged that he was shackled hand and foot and placed in the back of a police vehicle. (SAC ¶ 26.)  He alleged that the officers knew he was very drunk and heard the threats he made against himself, yet they allowed him to retain a lighter, either because they failed to adequately search him or for some other reason.  (*Id.* ¶¶ 24, 28-29.)  These are conditions that pose an objective risk of serious harm.  *See Lolli*, 351 F.3d at 419.

   Plaintiff also alleges sufficient facts to satisfy the second prong.  At the time of his arrest, plaintiff alleges at least one of the officers knew that plaintiff had psychiatric diagnoses and was taking medication for schizophrenia and bipolar disorder (SAC ¶ 25), and that plaintiff had a history of suicide attempts requiring state legal intervention (*id.* ¶ 16).  Circumstantial evidence may be used to prove an officer's culpable state of mind.  *Lolli*, 351 F.3d at 421 ("Much like recklessness in criminal law, deliberate indifference to medical needs may be shown by circumstantial evidence when the facts are sufficient to demonstrate that a defendant actually knew of a risk of harm.").  Plaintiff pleads sufficient facts that defendants demonstrated "deliberate indifference" to his serious medical needs.  *See id.* at 419.

   Defendants' argument that they had no duty to search for the lighter is based on Fourth Amendment cases, inapplicable here.  *See, e.g., Thompson v. Louisiana*, 469 U.S. 17, 22 (1984) (homeowner's request for medical aid did not justify a warrantless search of the premises).  The instant case presents plaintiff's allegation that defendants denied him proper medical care in part by failing to remove his lighter from him.  Defendants dispute that such an allegation can create medical care liability.  (ECF 36 at 10.)  They also cite cases that suggest a search that does not locate a weapon an inmate uses to commit suicide eliminates medical care liability.  *See, e.g., Simmons v. Navajo Cnty.*, 609 F.3d 1011, 1017-18 (9th Cir. 2010) (nurse

could not be deliberately indifferent for failure to remove suicidal inmate's gauze used to hang himself because she did not know he had the gauze).  Assessing such arguments depends upon facts only discovery can reveal, including who searched plaintiff, how the search was conducted, and whether the officers knew something was left in plaintiff's pocket.  It is premature to evaluate such arguments on a motion to dismiss.

        D.        § 1983 (Theory Two): Duty to Rescue

Plaintiff also bases his substantive due process claim on the officers' failure to rescue.  (ECF 38 at 9-10.)  "When the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *DeShaney v. Winnebago Cnty. Dept. of Soc. Servs.*, 489 U.S. 189, 199-200 (1989). This theory depends on nearly identical facts to those alleged in support of the failure to provide medical care claim.  In essence, plaintiff alleges that his injuries resulted from the peril the officers created, as the officers knew of his limitations and had a duty to respond adequately to the danger created by his psychiatric condition but did not do so.  (ECF 38 at 9-10.)

Plaintiff has survived defendants' motion to dismiss his § 1983 claim based on the failure to provide medical care theory.  As such his pleading is sufficient.  FED. R. CIV. P. 8(d)(2).  Plaintiff's alternative theory is not so obviously deficient that it should be stricken at this stage of pleading.

        E.        Defendants Are Not Entitled to Qualified Immunity

Law enforcement officers are shielded from suit unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known."  *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982).  The qualified immunity test is twofold.  Under the first prong, the court considers whether the alleged facts, taken in the light most favorable to plaintiff, show that defendants' conduct violated a constitutional right.  *Saucier v. Katz*, 533 U.S. 194, 201 (2001).  Under the second prong, the court must determine

whether that constitutional right was "clearly established." *Id.* The district court has discretion to decide which prong to address first. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009). This court exercises its discretion to address the second prong first.

### 1. Plaintiff's Constitutional Right Was Clearly Established

Under this prong, the court must determine whether the constitutional right was "clearly established." *Saucier*, 533 U.S. at 201. A right is clearly established when "it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202. The reasonableness of a defendant's conduct is judged "against the backdrop of the law at the time of the conduct." *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). This prong, in essence, is "an inquiry into the objective reasonableness of the officer's belief in the *necessity* of his actions." *Wilkins v. City of Oakland*, 350 F.3d 949, 954 (9th Cir. 2003) (original emphasis). As the alleged violation of plaintiff's constitutional rights occurred on December 9, 2009, all law pertinent to this issue established as of that date is relevant. "Precedent directly on point is not necessary to demonstrate that a right is clearly established." *Giebel v. Sylvester*, 244 F.3d 1182, 1189 (9th Cir. 2001).

Plaintiff's constitutional right at issue in this case was clearly established as of December 9, 2009. Plaintiff contends that defendants violated his Fourteenth Amendment Due Process rights by failing to provide him medical care while he was in custody. The duty to provide medical care was well established at the time defendants allegedly breached this duty. As discussed above, the Due Process Clause prohibits officers from "deliberate indifference" to an apprehended person's serious medical needs, which include suicide or a heightened risk of suicide. *Cabral*, 624 F. Supp. 2d at 1190; *Conn*, 572 F.3d at 1055. Under the circumstances of this case, a reasonable officer would have known that deliberate indifference to plaintiff's heightened risk of suicide was unlawful.

/////

/////

        2.        Defendants' Alleged Conduct Violated Plaintiff's Constitutional Right

Under this prong, the court determines whether the alleged facts, taken in the light most favorable to the plaintiff, show that defendants were reasonable in their belief that their conduct did not violate the Constitution. *Wilkins*, 350 F.3d at 955 (citing *Saucier*, 533 U.S. at 206). This step is "an inquiry into the reasonableness of the officer's belief in the *legality* of his actions." *Id.* (emphasis in the original). In other words, even if defendants' actions did violate the Fourteenth Amendment, a "reasonable but mistaken belief that [their] conduct was lawful would result in the grant of qualified immunity." *Id.* Qualified immunity thus "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Id.* (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

Taken in the light most favorable to plaintiff, the facts as alleged support a claim that it was not reasonable to permit plaintiff to retain a dangerous item such as a lighter and that defendants were either incompetent in failing to locate and remove the lighter or they knowingly let plaintiff retain it.

Defendants are not entitled to qualified immunity at this stage of pleading.

IV.    CONCLUSION

For the foregoing reasons, defendants' motion to dismiss is DENIED as to defendants City of Chico, Mike Frakes, and Travis (Stephen) Dyke. Defendants' motion is GRANTED as against Regan Ortega, David Quigley, Renee Anderson, Jose Laren, and DOES 1-65, who are dismissed without prejudice. Defendants' motion to dismiss is GRANTED as against defendants Sean Millard, York Insurance Services, and Karen Peacock, who are dismissed with prejudice.

IT IS SO ORDERED.

DATED: December 17, 2012.

_____
UNITED STATES DISTRICT JUDGE