AMIE McTAVISH, ESQ., SBN 242372
JOHN A. WHITESIDES, ESQ., SBN 125611
**ANGELO, KILDAY & KILDUFF, LLP**
Attorneys at Law
601 University Avenue, Suite 150
Sacramento, CA  95825
Telephone:  (916) 564-6100
Telecopier:  (916) 564-6263

Attorneys for Defendants CITY OF CHICO, STEPHEN DYKE, and MIKE FRAKES

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DEVINCENZI, | No: 2:11-cv-03268-KJM-DAD |
| Plaintiff, | **STIPULATION AND PROTECTIVE ORDER REGARDING CONFIDENTIALITY** |
| vs. | |
| CITY OF CHICO, TRAVIS DYKE, MIKE FRAKES, and DOES 66 through 100, inclusive, | |
| Defendants. | |
| CITY OF CHICO, | |
| Counterclaimant, | |
| vs. | |
| JOSEPH DEVINCENZI, | |
| Counterdefendant. | |

///

///

///

///

      This Protective Order (hereinafter **"ORDER"**) is entered into by and between plaintiff and defendants in this matter, through their counsel of record, as follows:

      1.   <u>Information and Matters Subject to this **ORDER**</u>.  This stipulation and order shall govern all **"CONFIDENTIAL"** information (as defined hereafter) and all information derived therefrom, including, but not limited to, all copies, excerpts or summaries thereof.

      2.   The term "**CONFIDENTIAL**" means any information designated as **CONFIDENTIAL** by the parties.  Only the following information may be so designated:

      A.   All information in or regarding health records of JOSEPH DEVINCENZI, including treatment notes and records, consultation notes and records, histories, examinations, findings, diagnosis, prognosis, observations, impressions, conclusions, recommendations, sign-in sheets, admission records, doctor's notes/instructions, nurses' notes, examinations/consultation notes, in-patient and out-patient treatment records, discharge records and any other health-related records;

      B.   All documents in and information regarding personnel records, employment files, performance evaluations, physical/mental evaluations, disciplinary action, citizen complaints, internal affairs investigations, and all other employment-related writings regarding any employee of the City of Chico produced in this action. Defendants will not disclose confidential personal information, including but not limited to the home address, bank account number(s), Social Security number, credit card number(s), driver's license number, home phone number, or other such personal, financial, or medical information of any employee of the City of Chico, and before producing such will redact this information as necessary;

      C.   All information in or regarding policies, procedures, manuals, training manuals or curriculum and other documents regarding personnel practices and training practices of the City of Chico produced in this action that are otherwise exempted from public disclosure under California Government Code Section 6254(f).

///

3. Confidential information may be disclosed only to the following persons:

- Counsel of record, parties, and third party administrators;
- Paralegal, stenographic, clerical and secretarial personnel employed by counsel of record;
- Court personnel, stenographic reporters, and videographers engaged in such proceedings that are incidental to preparation for the trial in this action;
- Any outside expert or consultant retained by the parties for purposes of this litigation, and;
- Witnesses to whom **CONFIDENTIAL** information may be disclosed during a deposition taken in this matter or otherwise during the preparation for trial and during trial, provided that the witness shall be informed of and shall agree to be bound by the terms of this order.

4. Any information sought to be protected is properly subject to protection under FRCP Rule 26(c), and the parties and counsel shall not designate any discovery material **CONFIDENTIAL** without first making a good faith determination that protection is warranted.

Any party seeking protection under FRCP Rule 26(c) has the burden of proof to show that such protection is warranted.

5. The designation of information as **CONFIDENTIAL** shall be made, whenever possible prior to production, by placing or affixing on each page of such material in a manner that will not interfere with its legibility the words "**CONFIDENTIAL**," or by the designation of categories of documents as "**CONFIDENTIAL**." If such designation is not possible prior to production, the designation must be made by the producing party within twenty (20) days after disclosure. The information shall be treated as **CONFIDENTIAL** until the twenty (20) days has elapsed. Within such twenty (20)-day period, the disclosing party must notify all **PARTIES** in writing of the precise information sought to be designated as

**CONFIDENTIAL**.  In the event of a mistake or inadvertent disclosure is discovered post-production, a subsequent designation of **CONFIDENTIAL** shall be deemed effective as of the date of the notice.

      6.    If any party believes any designation of a document as **CONFIDENTIAL** is inappropriate, the parties will meet and confer and attempt to resolve the issue on an expedited basis.  If the parties are unable to mutually agree on a resolution, the parties will submit the documents to the magistrate judge under seal to determine whether and to what extent such information should be deemed **CONFIDENTIAL**.  Additionally, the parties will provide the Court with a joint statement containing a challenge to the designation and the opposing party's justification for the designation.

      7.    <u>Disclosure of **CONFIDENTIAL** information</u>.  Each individual, other than counsel and their employees whose law firms are actual signatories to this **ORDER**, to whom **CONFIDENTIAL** information is furnished, shown, or disclosed, shall, prior to the time s/he receives access to such materials, be provided by counsel furnishing her/him such material a copy of this **ORDER** and agree to be bound by its terms, and shall certify that s/he has carefully read the **ORDER** and fully understands its terms.  Such person must also consent to be subject to the personal jurisdiction of the United States District Court, Eastern District of California, with respect to any proceeding relating to enforcement of this **ORDER**, including any proceeding relating to contempt of court.  The certificate shall be in the form attached hereto as **Appendix A**.  Counsel making disclosure to any person as described herein shall retain the original executed copy of such certificate until final termination of this case.

      A.    <u>Disclosure during Depositions</u>.  In the event that **CONFIDENTIAL** information is disclosed, revealed, utilized, examined or referred to during depositions, then only persons permitted to receive such information by this **ORDER**, the deponent, the court reporter, and the videographer shall be present.  If **CONFIDENTIAL** information is made exhibits to, or if **CONFIDENTIAL** information is the subject of examination during, a deposition, then arrangements will be made with the court reporter

1  to separately bind those exhibits and those portions of the transcript containing
2  **CONFIDENTIAL** information, and each page on which such **CONFIDENTIAL**
3  information appears shall be stamped with the word "**CONFIDENTIAL**." Those
4  exhibits and transcript portions shall be placed in a sealed envelope or other appropriate
5  sealed container on which shall be endorsed "JOSEPH DEVINCENZI V. CITY OF
6  CHICO, *et al.*,., Confidential Pursuant to Order in Case No. 2:11-CV-03268-KJM-DAD,"
7  and a statement substantially in the following form:

> "THIS ENVELOPE IS SEALED PURSUANT TO STIPULATED PROTECTIVE ORDER OF COURT, IN "JOSEPH DEVINCENZI V. CITY OF CHICO, *et al.,* UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF CALIFORNIA, CASE NO. 2:11-CV-03268-KJM-DAD AND CONTAINS CONFIDENTIAL DOCUMENTS PRODUCED OR GENERATED BY PARTIES TO THE PROCEEDING. IT IS NOT TO BE OPENED, OR THE CONTENTS THEREOF TO BE DISCLOSED, EXCEPT TO QUALIFIED PERSONS AS DEFINED BY SAID ORDER."

16  Each court reporter participating in any deposition involving **CONFIDENTIAL**
17  information shall be informed of and provided with a copy of this **ORDER** and exhibit
18  hereto and shall be requested to sign a copy of said exhibit. Furthermore, each court
19  reporter participating in any deposition involving **CONFIDENTIAL** information shall
20  show a copy of this **ORDER** to any other person participating in the preparation of any
21  deposition transcript and shall have such person sign a copy of said exhibit.

22  B.  Papers Filed in Court. As to all documents or materials designated
23  as "**CONFIDENTIAL**" pursuant to this Stipulated Protective Order, the parties agree
24  that they will seek permission from the Court to file the **CONFIDENTIAL** information
25  under seal according to Local Rule 141. If permission is granted, the **CONFIDENTIAL**
26  material will be filed and served in accordance with Local Rule 141.
27  / / /
28  / / /

In the event that the Court denies any party's motion requesting an order authorizing the filing of documents containing **CONFIDENTIAL** information under seal or in redacted form, such **CONFIDENTIAL** information shall not be filed with the Court, but shall instead be returned to the moving party.

  C. <u>Disclosure to Experts</u>.  In case of any disclosure to an expert, consultant, or other qualified person under paragraph 3 above, the disclosing party shall make reasonable efforts to ensure that the **CONFIDENTIAL** information disclosed is not disseminated in any form to anyone by such expert, consultant, or other qualified person and that said **CONFIDENTIAL** information and any copies or summaries thereof are returned in their entirety to the disclosing party after they are no longer needed in this action.

  D. <u>Disclosure of **CONFIDENTIAL** information to non-qualified persons</u>.  In the event that any party desires **CONFIDENTIAL** information to be disclosed, discussed, or made available to any person other than a qualified person listed in paragraph 3, such party shall submit to opposing counsel a written statement specifically identifying the **CONFIDENTIAL** information to be disclosed and the name, title, and business relationship of the persons with whom they wish to communicate. Counsel for the opposing party shall have fifteen (15) calendar days from the date notice was served to object to the disclosure to any person identified in the notice.  If the parties are unable to agree on the terms and conditions of the requested disclosure, the party seeking disclosure may file and serve on opposing counsel a notice of motion and motion for authority to make such disclosure.  Such motion shall be filed and served pursuant to Local Rule 230.  Unless opposing counsel responds timely in writing to the fifteen (15)-day notification provided for above, the persons named in the notice shall, subject to the terms and conditions of this **ORDER**, be entitled to receive only that **CONFIDENTIAL** information specified in this notice.

/ / /

/ / /

E. <u>Disclosure to Author or Addressee</u>. Nothing in this **ORDER** shall preclude the disclosure of **CONFIDENTIAL** information to any person who authored, prepared, was an addressee of, received a copy of, or participated in the preparation of such **CONFIDENTIAL** information.

8. <u>Further Protection</u>. Nothing contained in this **ORDER** shall be deemed to preclude any party at any time (a) from seeking and obtaining from the opposing party or the Court, on appropriate showing, a further protective **ORDER** relating to **CONFIDENTIAL** information or relating to any discovery in this case, (b) to apply to the Court for an **ORDER** requiring the removal of the **CONFIDENTIAL** designation from any document pursuant to Paragraph 6 above; and (c) to apply to the Court for any relief from a provision of this Stipulation and **ORDER**, upon good cause shown. Nothing in this **ORDER** shall be construed as preventing any party from making application to the Court for revision of the terms of this **ORDER**.

9. <u>Contempt</u>. Upon any violation of the provisions set forth in this **ORDER,** the party asserting the violation may file and serve an appropriate motion seeking an order holding the violating party either in contempt of this Court or in violation of this **ORDER**.

10. <u>General Provisions</u>.

A. This **ORDER** is the result of negotiations by attorneys for the parties and shall not be construed against any party or signatory to this **ORDER** because that party or their counsel may have drafted this **ORDER** in whole or in part. This **ORDER** shall be construed and interpreted fairly in accordance with its purpose and plain meaning.

B. This **ORDER** shall continue to be binding after the conclusion of this litigation, except that a party may seek written permission from the opposing parties or further **ORDER** of the Court with respect to dissolution or modification of this **ORDER**.

/ / /

C. Within thirty (30) days after the conclusion of this case, any and all original, copy, portion, version, or summary of any **CONFIDENTIAL** information materials in the possession, control, and/or custody of any qualified person shall be returned. Counsel of record for a party returning **CONFIDENTIAL** information shall verify by declaration under oath that all such information has been returned and that it has not retained any such information or derivatives therefrom. Counsel may retain copies of briefs filed with the Court and work product so long as it is maintained in accordance with this **ORDER**.

D. Disclosure of **CONFIDENTIAL** information shall not constitute a waiver of the attorney-client privilege, work-product doctrine, or any other applicable rights or privilege.

E. Notices pursuant to this **ORDER** shall be sent to the attorneys for the parties listed on the signature page of this **ORDER** unless notified in writing of a change.

F. This **ORDER** shall not constitute an admission by any of the parties that information identified as **CONFIDENTIAL** is in fact confidential or the subject of entitlement thereto. This **ORDER** is entered into solely to expedite discovery and meet the respective concerns of the parties. This **ORDER** shall not be considered an admission of validity to any claim of confidentiality hereunder except as is necessary to enforce the terms of the **ORDER** as provided herein.

G. The Court's jurisdiction to enforce the terms of this order shall extend until six months after the final termination of this action.

The above is stipulated to by the respective counsel for the parties as follows:

Dated: October 15, 2015                                ANGELO, KILDAY & KILDUFF, LLP

                                                                              */s/ Amie McTavish*
                                                           By:_____
                                                           AMIE McTAVISH
                                                           JOHN A. WHITESIDES
                                                           Attorneys for Defendants CITY OF CHICO, STEPHEN DYKE, and MIKE FRAKES

Dated: October 8, 2015                    LAW OFFICES OF JACK VETTER

                                          */s/ Jack Vetter* (as authorized on 10/8/15)
                                          By:_____
                                          JACK VETTER
                                          Attorney for Plaintiff JOSEPH
                                          DEVINCENZI

## **ORDER**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated: October 15, 2015

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

Ddad1\orders.civil
devincenzi3268.stip.prot.ord.doc