UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH DE VINCENZI, | No. 2:11-cv-03268-KJM-EFB |
| Plaintiff, | |
| v. | ORDER |
| CITY OF CHICO, et al., | |
| Defendants. | |

        On May 4, 2016, the court ordered plaintiff Joseph De Vincenzi to show cause by May 10, 2016 why this action should not be dismissed for failure to prosecute. ECF No. 77. May 10, 2016 has passed, and plaintiff has not filed a response to the court's order to show cause, or a request for an extension of time in which to do so. The court thus dismisses this action for plaintiff's failure to prosecute and comply with court orders.

        It is well established that district courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (standard applied in dismissal for failure to prosecute); *Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) (courts may dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or the

court's orders); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (dismissal for failure to comply with any court order).

In deciding whether to dismiss for failure to prosecute or to comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Omstead*, 594 F.3d at 1084 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir.1986)); *see also In re Eisen*, 31 F.3d 1447, 1451 (9th Cir.1994) (failure to prosecute); *Ferdik*, 963 F.2d at 1260–61 (failure to comply with court orders).

In the instant action, the first two factors—public interest in expeditious resolution of litigation and the court's need to manage its docket—weigh in favor of dismissal. After diligently searching, plaintiff's counsel has been unable to locate plaintiff since October 2015. ECF No. 77 at 1–2. Defendants have not been able to conduct the discovery necessary in the absence of plaintiff. *Id.* In an effort to facilitate the progress of the case, the court issued an order to show cause as to why the action should not be dismissed for failure to prosecute, and requested plaintiff's counsel serve the order to plaintiff's last known address and residence of known family members, and counsel has done so. ECF Nos. 77, 78. Yet, as of the date of this order, plaintiff has not responded or requested an extension of time to respond to the court's order. Plaintiff's failure to prosecute and respond to the court hinders the court's ability to move this case toward disposition, and suggests plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to defendants—also weighs in favor of dismissal. A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecution of an action. *See Eisen*, 31 F.3d at 1452–53. As previously mentioned, defendants have been unable to conduct discovery in the absence of plaintiff. Nothing suggests such a presumption is unwarranted in this case.

The fourth factor—public policy in favor of deciding cases on the merits— ordinarily weighs against dismissal. However, it is a plaintiff's responsibility to move towards disposition at a reasonable pace, and avoid dilatory and evasive tactics. *See Morris v. Morgan*

1 *Stanley*, 942 F.2d 648, 652 (9th Cir. 1991).  Plaintiff has not discharged this responsibility despite
2 having been (1) instructed as to his responsibilities, (2) granted sufficient time in which to
3 discharge them, and (3) warned of the consequences of failure to do so.  Under these
4 circumstances, the policy favoring resolution of disputes on the merits does not outweigh
5 plaintiff's failure to obey court orders or to file responsive documents within the time granted.

The fifth factor—availability of less drastic sanctions—also weighs in favor of dismissal given the court's prior efforts.  The court cannot move the case toward disposition without plaintiff's compliance with court orders or participation in this litigation.  Plaintiff has shown he is either unwilling or unable to comply with court orders by filing responsive documents or otherwise cooperating in prosecuting this action.

Finally, while dismissal should not be entered unless a plaintiff has been notified that dismissal is imminent, *see West Coast Theater Corp. v. City of Portland*, 897 F.2d 1519, 1523 (9th Cir. 1990), plaintiff has previously been warned about the possibility of dismissal for failure to prosecute and/or comply with court orders.

Accordingly, as provided by Rule 41(b) of the Federal Rules of Civil Procedure, this action is hereby DISMISSED without prejudice for want of prosecution.

IT IS SO ORDERED.

DATED: May 16, 2016

_____
UNITED STATES DISTRICT JUDGE

3